**Opinion issued October 30, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00021-CV

————————————

**JONATHAN LINDSEY, Appellant**

**V.**

**THE MONEY SOURCE, INC., Appellee**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 21-DCV-288436**

---

## MEMORANDUM OPINION

Appellant Jonathan Lindsey brought this case to challenge the foreclosure sale of his home. On November 6, 2024, an associate judge of the trial court signed a summary-judgment order in favor of Appellee The Money Source, Inc.

On November 14, 2024, the associate judge signed a non-suit order purporting to be a final judgment. It does not appear the district court ever signed these orders.[1]

An associate judge's judgment is not appealable until the referring court signs it. *See* TEX. GOV'T CODE § 54A.116(b) ("[T]he date an order or judgment by the referring court is signed is the controlling date for the purposes of appeal to or request for other relief from a court of appeals or the supreme court."); *Rodriguez v. Slagle*, No. 05-23-00547-CV, 2023 WL 6936912, at *1 (Tex. App.—Dallas Oct. 20, 2023,pet. dism'd w.o.j.) (mem. op.) (dismissing appeal because "an associate judge's judgment is not appealable until signed by the referring court"). Nothing in the record indicates the district court signed either the summary-judgment order or the non-suit order.

Accordingly, on September 18, 2025, we requested a written response from the parties explaining why we have jurisdiction over this appeal, to be filed within ten days of the request. We stated that after expiration of the ten-day period, "the appeal may be dismissed for want of jurisdiction without further notice." Neither party filed a response.

Because the record does not contain a final judgment signed by the referring court, and because neither party responded to our request, we dismiss this appeal

---

[1] There is also no indication in the record that the district court referred this case to the associate judge.

for want of jurisdiction.  *See* TEX. GOV'T CODE § 54A.116; TEX. R. APP. P. 42.3(a), 42.3(c).

**PER CURIAM**

Panel consists of Justices Guerra, Guiney, and Johnson.